**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ROCCO F.,

                          Plaintiff,

          v.                                          6:21-CV-0015
                                                          (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

NICHOLAS, PEROT, SMITH               MICHAEL J. WELCH, ESQ.
Attorney for Plaintiff
219 First Street, P.O. Box 720
Liverpool, NY 13088

U.S. SOCIAL SECURITY ADMIN.          MOLLY CARTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**


### MEMORANDUM-DECISION AND ORDER[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 6 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14 & 20. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted. The Commissioner's decision is affirmed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1977. Dkt. No. 12, Supplemental Transcript ("Suppl. Tr."), p. 1949. Plaintiff reported that he completed eighth grade. *Id.* at p. 1950. He has past work experience as a security guard and as a pharmacy delivery driver. *Id.* at pp. 1953-1954. Plaintiff alleges disability due to anxiety, bipolar, depression, and diabetes. Dkt. No. 10, Administrative Transcript ("Tr."), p. 279.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in May 2017. Tr. at p. 136. He alleged a disability onset date of August 27, 2015. Tr. at p. 138. Plaintiff's application was initially denied on September 13, 2017, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 144-151, 160-164. Plaintiff appeared at a hearing before ALJ Gretchen Mary Greisler on April 25, 2019, at which he and a vocational expert testified. Suppl. Tr. at pp. 1943-1981. A subsequent hearing was held on January 24, 2020, during which a vocational expert and Plaintiff testified. Tr. at pp. 80-95. On January 31, 2020, the ALJ issued a written decision

finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 22-33.  On November 12, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-6.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015 and that he had not engaged in substantial gainful activity since August 27, 2015, the alleged onset date.  Tr. at p. 24. Second, the ALJ found that Plaintiff had the following severe impairments: diabetes, obesity, spinal disorder, atrial fibrillation, obstructive sleep apnea, neurodevelopmental disorder, attention-deficit hyperactivity disorder, depressive disorder, anxiety disorder, mood disorder, and learning disorder.  Tr. at pp. 24-25.  Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at pp. 25-27.  Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following restrictions:

> [Plaintiff] cannot climb ladders, ropes or scaffolds, and can only occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps. He also should not work at unprotected heights or in close proximity to dangerous machinery. [Plaintiff] requires a brief, one-to-two minute change in position after sitting, standing or walking for one hour, but retains the ability to remain on task. He can frequently reach in all directions. [Plaintiff] cannot tolerate concentrated exposure to respiratory irritants. Mentally,

3

> [Plaintiff] can understand, follow and retain simple instructions, perform simple tasks, and can tolerate occasional changes in the work setting.

Tr. at p. 27.

Fifth, the ALJ found that Plaintiff had past relevant work characterized by the vocational expert as a security guard and "outside deliverer," but that he was unable to perform this work. Tr. at p. 31. Sixth, the ALJ found that Plaintiff was categorized as a "younger individual" on the date the application was filed. *Id.* Seventh, the ALJ found that there was work existing in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at pp. 32-33.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal

4

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).   "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff's Memorandum of Law presents five general errors for the Court's review. Dkt. No. 14, Pl.'s Mem. of Law. First, Plaintiff claims that the ALJ erred by determining that Plaintiff did not meet the requirements of a listed impairment, specifically Listing 12.04. Pl.'s Mem. of Law at pp. 5-9. Second, Plaintiff contends that the ALJ erred in the evaluation of his physical RFC, which he alleges should have been designated as less than sedentary. *Id.* at pp. 10-13. Third, Plaintiff claims that the ALJ erred by her "fail[ure] to give controlling weight to plaintiff's treating medical providers/sources." *Id.* at pp. 13-15. Fourth, Plaintiff claims that the ALJ failed to properly evaluate and consider his impairments in combination. *Id.* at pp. 15-17. Fifth, Plaintiff asserts that the ALJ relied upon the incorrect vocational expert in her decision. *Id.* at pp. 17-18. In response, Defendant contends that the ALJ's findings were supported by substantial evidence, and that the ALJ properly cited the correct vocational expert. Dkt. No. 20, Def.'s Mem. of Law at pp. 2-14.

### A. Analysis of Listing 12.04

Plaintiff, in his first claim of error, asserts that the ALJ erred in her conclusion that the requirements for a listings-level impairment, specifically Listing 12.04,[2] were

---

[2] Plaintiff's submission refers to the listed impairment as "Section 12.04-Affective Disorders." Pl.'s Mem. of Law at p. 6. However, the SSA revised the criteria for evaluating mental disorders effective January 17, 2017, at which time Listing 12.04 was updated to reflect the terminology used by the American Psychological Association in the DSM-V (depressive, bipolar, and related disorders). *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66137, 66159 (Sept. 26, 2016) (codified at 20 C.F.R. §§ 404 & 416).

not established.  Pl.'s Mem. of Law at pp. 5-9.  Plaintiff claims that this determination was not supported by substantial evidence.  *Id.*

The third step of the five-step test employed by the ALJ requires a determination of whether the Plaintiff has an impairment listed in Appendix 1 of the Social Security Regulations.  20 C.F.R. § 404, Subpt. P, App. 1.  "These are impairments acknowledged by the [Commissioner] to be of sufficient severity to preclude gainful employment. If a claimant's condition meets or equals the 'listed' impairments, he or she is conclusively presumed to be disabled and entitled to benefits." *Glover v. Berryhill*, 2018 WL 739371, at *20 (S.D.N.Y. Feb. 7, 2018) (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995)).  "Plaintiff has the burden of proof at step three to show that [his] impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009).  "To meet a Listing, Plaintiff must show that [his] medically determinable impairment satisfies all of the specified criteria in a Listing." *Id.*  "If a claimant's impairment 'manifests only some of those criteria, no matter how severely,' such impairment does not qualify." *Id.* (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  "Additionally, a court may uphold an ALJ's finding that a claimant does not meet a Listing even where the decision lacks an express rationale for that finding if the determination is supported by substantial evidence." *Andrea K. v. Comm'r of Soc. Sec.*, 2021 WL 1224049, at *6 (N.D.N.Y. Mar. 31, 2021).

ALJ Greisler found that Plaintiff has the following severe impairments: diabetes, obesity, spinal disorder, atrial fibrillation, obstructive sleep apnea, neurodevelopmental

8

disorder, attention-deficit hyperactivity disorder, depressive disorder, anxiety disorder, mood disorder, and learning disorder.  Tr. at p. 25.  The ALJ carefully considered the listings that most closely related to those severe impairments, including "sections 1.04 (disorders of the spine), 3.02 (chronic respiratory disorders), 3.09 (chronic pulmonary hypertension due to any cause), 3.14 (respiratory failure), 4.05 (recurrent arrhythmias), 9.00(B)(5) (diabetes mellitus and other pancreatic disorders), 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorders)."  *Id.*  However, notwithstanding the presence of those severe impairments the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  In making this determination, the ALJ stated that she compared the record medical evidence to the Listing requirements and found that the Plaintiff did not meet the necessary criteria.  Tr. at pp. 25-27.

    To meet Listing 12.04 for depressive, bipolar and related disorders, a claimant must establish the criteria of paragraphs A and B or the criteria of paragraphs A and C. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04.  The paragraph A criteria requires medical documentation of either depressive disorder, characterized by five or more

specified symptoms,[3] or bipolar disorder,[4] characterized by three or more specified symptoms. *Id.* 12.04(A)(1), (2). Paragraph B requires an extreme limitation in one, or marked limitation in two areas of mental functioning, which include (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace, and (4) adapting or managing oneself. *Id.* Paragraph C requires a medically documented history of the existence of the disorder over a period of at least two years, with evidence of both (a) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder; and (b) marginal adjustment, that is, minimal capacity to adapt to changes in environment or to demands that are not already part of daily life. *Id.*

Plaintiff argues he is disabled under Listing 12.04 in part because he "has been consistently diagnosed as suffering from a major depressive disorder with recurrent episodes, bipolar disorder, anxiety, and a neurodevelopmental disorder in the form of Attention Deficit/Hyperactivity Disorder." Pl.'s Mem. of Law at p. 6. As an initial matter, the Court notes that despite the inclusion of Plaintiff's anxiety and ADHD

---

[3] Symptoms are: (a) depressed mood; (b) diminished interest in almost all activities; (c) appetite disturbance with change in weight; (d) sleep disturbance; (e) observable psychomotor agitation or retardation; (f) decreased energy; (g) feelings of guilt or worthlessness; (h) difficulty concentrating or thinking; or (i) thoughts of death or suicide. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04(A)(1).

[4] Symptoms are: (a) pressured speech; (b) flight of ideas; (c) inflated self-esteem; (d) decreased need for sleep; (e) distractibility; (f) involvement in activities that have a high probability of painful consequences that are not recognized; or (g) increase in goal-directed activity or psychomotor agitation. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04(A)(2).

diagnoses within that argument, Plaintiff explicitly references only Listing 12.04 in his claim of error, which does not include those disorders. *See* Pl.'s Mem. of Law at p. 6; 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.06 (anxiety disorders); 12.11 (neurodevelopmental disorders). Plaintiff also points generally to various treatment notes and opinions in the record without identifying any specific portions of those records that he relies on in support of his claim. *See e.g.* Pl.'s Mem. of Law at pp. 7-8 (citing Tr. at pp. 388-401, 956-1056).

Again, Plaintiff bears the burden of proof at step three to prove that he meets the requirements necessary to meet or equal the Listings. *Landis P. v. Comm'r of Soc. Sec.*, 2020 WL 2770434, at *8 (N.D.N.Y. May 28, 2020). However, Plaintiff's "argument on this point appears to conflate the specific, enumerated requirements of each Listing in Section 12.00 with the fact of his mental diagnoses." *Id.* This is problematic because "[a] mere diagnosis is insufficient to meet or equal a listed impairment." *Id.* (quoting *Dechbery v. Berryhill*, 2020 WL 2523045, at *8 (E.D.N.Y. May 18, 2020)); *accord Williams v. Bowen*, 859 F.2d 255, 259 (2d Cir. 1988) ("The Secretary correctly argues that it is not sufficient that there be a diagnosis of a listed impairment."). The Court is not persuaded that Plaintiff has met his burden of proof by demonstrating the presence of the paragraph A criteria as required. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 12.04. Nevertheless, for the reasons stated below, the Court also finds substantial evidence in the record to show that Plaintiff failed to satisfy both the paragraph B and C criteria. Accordingly, the ALJ's determination was not in error.

Although not specifically stated, Plaintiff appears to assert that the criteria for paragraph B are satisfied, despite the ALJ's finding to the contrary. *Id.* at pp. 5-9. In support of this position, Plaintiff points to a joint opinion provided by his treating mental health providers, as well as his own testimony. *Id.* He also claims, albeit in a conclusory manner, that the opinion of consultative examiner Dante Alexander, Psy.D was "incomplete and inconsistent" and therefore the ALJ's reliance upon it was "improper and prejudicial." *Id.* at p. 9. The Court finds these arguments unpersuasive.

The ALJ's decision included careful consideration of Listing 12.04, explicitly considering whether the paragraph B criteria were satisfied. Tr. at pp. 25-27. To that end, the ALJ found that Plaintiff has no more than moderate limitations in understanding, remembering, or applying information, no more than a mild limitation in interacting with others, no more than mild limitations in his ability to concentrate, persist, and maintain pace, and mild limitations in adapting or managing himself. Tr. at p. 27. The ALJ indicated that these findings were based in part on the opinion of consultative examiner Alexander, whose opinion she found persuasive to the extent it was supported by Dr. Alexander's own clinical findings and consistent with his narrative assessment. Tr. at pp. 25-27, 30.

Dr. Alexander's opinion indicated the presence of mild-to-moderate limitations in the ability to understand, remember, and apply complex directions and instructions, no evidence of limitation interacting adequately with supervisors, coworkers and the public, mild limitations sustaining concentration and performing a task at a consistent

12

pace, and no more than mild limitations in the ability to regulate emotions, control behavior, and maintain well-being.  Tr. at p. 688.

While the ALJ acknowledged the assessment provided by Plaintiff's own medical sources, who opined that Plaintiff had "marked" or "extreme" limitations in every area of work-related functioning, she ultimately found that opinion "not persuasive." Tr. at p. 30.  The ALJ stated that the opinion was not persuasive due to its lack of consistency with the providers' own exam findings, with the medical evidence in the record, and with Plaintiff's reported activity levels.  *Id.*  In her analysis, the ALJ also specifically addressed much of the hearing testimony relied upon by Plaintiff to support his position.  *Compare* Tr. at p. 26 *with* Pl.'s Mem. of Law at pp. 8-9.  For example, the ALJ discussed Plaintiff's statements that he has problems focusing, completing tasks, and getting along with other people.  Tr. at p. 26.  However, the ALJ contrasted those statements with other statements from Plaintiff that indicated a higher level of functioning, such as his ability to live independently, prepare simple meals, clean, and shop.  Tr. at p. 26.  On this record, the ALJ acted within her discretion in according the treating providers' report little weight.  *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  The resolution of genuine conflicts in the evidence is the province of the ALJ and is not the function of this Court on review.  *Id.*  (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  "While [P]laintiff may disagree with the ALJ's conclusion, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to

conclude otherwise." *Scott D. v. Comm'r of Soc. Sec.*, 2021 WL 4481191, at *5 (W.D.N.Y. Sept. 30, 2021) (citing *Morris v. Berryhill*, 721 Fed. Appx. 25, 29 (2d Cir. 2018)).

The ALJ also found that the evidence failed to establish the presence of the paragraph C criteria, a finding which Plaintiff does not appear to contest.  Tr. at p. 27; Pl.'s Mem. of Law at pp. 5-9.  Moreover, the ALJ noted that "no state agency psychological consultant or other acceptable medical source designated to make equivalency findings … concluded that a mental listing [was] medically equaled."  Tr. at p. 27.

Contrary to Plaintiff's contentions, the ALJ's analysis of Plaintiff's impairments under the criteria of Listing 12.04 was supported by substantial evidence.  Remand is therefore not required on this basis.

### B. Plaintiff's Physical RFC

Next, Plaintiff asserts that the ALJ's determination of his physical RFC was not supported by substantial evidence, because his RFC should have been less than sedentary.  Pl.'s Mem. of Law at pp. 10-13.  In support of this assertion, he points to his own testimony regarding his ability to ambulate and lift objects.  *Id.*  However, he does not identify any medical opinion of record that supports the contention that he should have been limited to less than sedentary work.  The ALJ is "not required to accept the claimant's subjective complaints without question."  *Richards v. Colvin*, 2015 WL 1472039, at *7 (N.D.N.Y. Mar. 31, 2015) (quoting *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (internal alteration omitted)).  "Rather, the ALJ 'may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record.'"  *Id.*

Consultative examiner Rita Figueroa, M.D., opined that Plaintiff could lift and carry up to twenty pounds occasionally, and could sit, stand, and walk for a total of three hours each, in thirty-minute increments.  Tr. at pp. 699-700.  The ALJ found this opinion "partially persuasive" although she declined to adopt all of the limitations indicated by Dr. Figueroa due to inconsistencies between Dr. Figueroa's clinical findings and the opined limitations.  Tr. at pp. 28-29.  For example, the ALJ noted that although Dr. Figueroa opined that Plaintiff's ability to sit, stand, and walk would be limited, her exam observations stated that Plaintiff was in no acute distress, had a normal gait, used no assistive device, and needed no help changing for the exam or getting on or off the examination table.  Tr. at pp. 28-29, 696, 700.  He had no difficulty rising from a chair and demonstrated a full range of motion in his shoulders, elbows, forearms, wrists, hips, knees, and ankles.  Tr. at pp. 696-697.  The ALJ determined that based on the medical evidence of record and on Plaintiff's self-reported activities, these limitations opined by Dr. Figueroa represented an understatement of Plaintiff's actual abilities.  Tr. at p. 29.

The RFC is an administrative finding, not a medical finding, and there is no requirement that the RFC mirror any one medical opinion in the record.  *Scott D. v. Comm'r of Soc. Sec.*, 2021 WL 4481191, at *4.  Nor is the ALJ required "to accept every opined limitation from [a] consultative examiner."  *Terri G. v. Comm'r of Soc. Sec.*,

2019 WL 1318074, at *9 (N.D.N.Y. Mar. 22, 2019).   Rather, "[i]t is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."   *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014) (citing *Micheli v. Astrue*, 501 Fed. Appx. 26, 29 (2d Cir. 2012)).   This is what the ALJ did here, when she considered Dr. Figueroa's consultative medical opinion, her reported clinical findings, and her narrative assessment, and weighed those against Plaintiff's activities and the other medical evidence of record.   Tr. at pp. 28-29.   A review of the record evidence upon which she relied clearly provides substantial evidence for her conclusion.   *See, e.g.*, Tr. at pp. 29, 420, 427, 688, 696-97, 1760-61.   While Plaintiff "may disagree with the ALJ's conclusion, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to conclude otherwise."   *Scott D. v. Comm'r of Soc. Sec.*, 2021 WL 4481191, at *5 (citing *Morris v. Berryhill*, 721 Fed. Appx. at 29).

## C. Opinion of Treating Medical Provider

Third, Plaintiff asserts that the ALJ erred by failing to give controlling weight to the opinions of his treating medical providers.   Pl.'s Mem. of Law at pp. 13-15.   Plaintiff's argument on this point is entirely premised upon the requirements of 20 C.F.R. § 404.1527(d)(2), which do not apply to his claim.   *See* 20 C.F.R. § 404.1527(d)(2) (entitled "Evaluating opinion evidence for claims filed before March 27, 2017.")  Because Plaintiff's claim was filed on May 12, 2017, the new regulations apply

16

instead. *James W. v. Kijakazi*, 2022 WL 685288, at *3 (N.D.N.Y. Mar. 8, 2022) ("Under the new regulations, the treating physician rule no longer applies.") (quotation omitted). "Therefore, no special deference is given to the treating physician's opinion." *Id.*

"Although under the new regulations the ALJ is not required to give specific evidentiary weight to a particular medical opinion, he is still required to articulate how he considered the medical opinion, including explaining how he considered the 'supportability' and 'consistency' factors." *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *5 (W.D.N.Y. Jan. 18, 2022). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)). "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations. It does not measure whether the medical opinion is supported by a single doctor's findings." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021) (internal citation omitted). "The consistency factor measures whether a medical opinion is consistent with medical and nonmedical evidence in a claim." *Id.* at *9.

Plaintiff's treating mental health providers, Charles Pope, LCSW, and Timothy Jones, NPP, provided a joint medical opinion. Tr. at pp. 681-683. The opinion indicated that Plaintiff would have "marked" limitations in his ability to understand, remember, and carry out simple instructions, and to make judgments on simple work-related

decisions. In all other areas, they opined that Plaintiff would have "extreme" limitations. The ALJ addressed this opinion and indicated that she found it "not persuasive." Tr. at p. 30. Discussing the supportability factor, ALJ Greisler noted that these extreme limitations were not supported by the objective medical evidence in the record, such as largely benign mental status exams and the providers' own treatment notes and observations. Tr. at p. 30. The Court also notes that this opinion was not accompanied by any supporting explanations or relevant clinical findings even though the form used provided a clear instruction to do so. Tr. at pp. 681-683.

As to the consistency factor, the ALJ noted that the opinion was not only inconsistent with the opinion of consultative examiner Dr. Alexander but was also inconsistent with the medical and nonmedical evidence of record. Tr. at p. 30. For example, the ALJ noted that mental status exams conducted by both LCSW Pope and NP Jones were largely benign. Tr. at pp. 30, 959, 961, 1030. The ALJ also noted that Plaintiff's activities of daily living suggested a much higher level of functioning than what the treating providers had opined. Tr. at p. 30. She pointed specifically to Plaintiff's own statements that he was able to live independently, cook, clean, do laundry, go shopping, socialize with friends, and maintain good relationships with family. Tr. at pp. 30, 688.

The Court finds that ALJ Greisler properly considered the opinion evidence in accordance with 20 C.F.R. §§ 404.1520c and 416.920c. Her overall decision reflects a detailed consideration of the various opinions of record as well as the medical evidence,

Plaintiff's testimony, and his activities of daily living.  Tr. at pp. 29-31.  The ALJ was under no obligation to accept the opinion of Plaintiff's treating providers, particularly in the light of the conflicting evidence and opinions in the medical record.  *See James W. v. Kijakazi*, 2022 WL 685288, at *3 (no special deference is given to a treating provider's opinion); *Terri G. v. Comm'r of Soc. Sec.*, 2019 WL 1318074, at *9 (it is the responsibility of the ALJ to resolve conflicts in the medical record).  The existence of conflicting evidence in the record, which the ALJ credited, instead provides a basis for the Court to determine that the decision must be upheld.  *Brouillette v. Astrue*, 901 F. Supp. 2d 328, 333 (N.D.N.Y. 2012) ("If the evidence is deemed susceptible to more than one rational interpretation, then the Commissioner's conclusion must be upheld.").

### D. Evaluation of Impairments in Combination

Next, Plaintiff alleges that the ALJ "failed to properly evaluate and consider the plaintiff's impairments in combination."  Pl.'s Mem. of Law at pp. 15-17.  To advance this claim, Plaintiff points to a number of his alleged impairments and asserts that he "is disabled by reason of his Affective Disorder, his major depressive disorder with recurrent episodes, bipolar disorder, anxiety, and neurodevelopmental disorder in the form of Attention Deficit/Hyperactivity Disorder, his severe physical impairments including his cervical, thoracic and lumbar spine, including the following: Cervical disc herniations; . . ." Pl.'s Mem. of Law at pp. 15-16.

Plaintiff does not point to any specific error, but instead claims generally that the ALJ's decision is not supported by substantial evidence.  Pl.'s Mem. of Law at pp. 15-

17.   "Substantial evidence is more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wright v. Berryhill*, 687 Fed. Appx. 45, 47 (2d Cir. 2017) (quoting *Greek v. Colvin*, 802 F.3d 370, 374-75 (2d Cir. 2015)).   "The substantial evidence standard is 'a very deferential standard of review—even more so than the "clearly erroneous" standard. The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Wright v. Berryhill*, 687 Fed. Appx. at 47 (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis in original)).

The ALJ found that Plaintiff suffers from the following severe impairments: diabetes, obesity, spinal disorder, atrial fibrillation, obstructive sleep apnea, neurodevelopmental disorder, attention-deficit hyperactivity disorder, depressive disorder, anxiety disorder, mood disorder, and learning disorder.  Tr. at p. 25.  However, at step three of the sequential analysis, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.*  The ALJ expressly stated that she considered the listings that mostly closely related to the claimant's physical impairments, but found that the record did not establish the required medical signs, symptoms, laboratory findings, or degree of functional limitation necessary to meet the criteria of these listings.  Tr. at p. 25.  She additionally noted that no acceptable medical source designated to make an equivalency finding had

concluded that Plaintiff's impairments medically equaled a listed impairment. *Id.* In making this determination, the ALJ noted that she also considered Plaintiff's obesity in combination with all his other impairments. *Id.*

The ALJ's decision clearly shows that she did consider Plaintiff's impairments in combination with one another when determining the RFC, because she expressly considered "all symptoms," Tr. at p. 27, and the "entire record," *id.*, when making this determination. *See Wright v. Berryhill*, 687 Fed. Appx. 45, 49 (2d Cir. 2017) ("We are satisfied . . . that the ALJ properly considered the combined effect of the Plaintiff's impairments in determining that the Plaintiff had the [RFC] to perform a range of light work. The ALJ specifically stated that he had considered 'the entire record' and 'all symptoms' in reaching his determination." (citation omitted)); *Frank B. v. Saul*, 2020 WL 4596867, at *2 (N.D.N.Y. Aug. 11, 2020).

### E. Vocational Expert Testimony

Finally, Plaintiff claims that the ALJ erred because the decision "identifies and relies upon statements and opinions from individuals who did not participate in the hearings, the plaintiff's care, and who are entirely unrelated to this Plaintiff's application for Social Security benefits. (Tr. 121-124)." Pl.'s Mem. of Law at p. 17. However, on review it appears that Plaintiff's counsel is referring to a different hearing decision. Pages 121 through 124 of the record are part of a 2015 decision by ALJ Gregory M. Hamel from a previous appeal by Plaintiff. Tr. at pp. 103-124. The applicable decision from the present appeal clearly references reliance upon David A. Festa, the vocational

expert whom Plaintiff has identified as the proper witness in this case.  Tr. at p. 22; Pl.'s Mem. of Law at p. 17.  As a result, there is no error.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: May 19, 2022
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge